HOGAN (BELL v.). See Case No. 1,253.

---

## Case No. 6,581.

### HOGAN v. BROWN.

[1 Cranch, C. C. 75.] [1]

Circuit Court, District of Columbia. March Term, 1802.

SLANDER—NAMING AUTHOR—RESPONSIBLE PERSON—PLEADING.

In an action for slander, if it appears, from the plaintiff's testimony, that at the time of speaking the words the defendant named his author, who was a responsible man, the defendant may avail himself of that testimony without pleading the matter as a special justification.

[Cited in Jarnigan v. Fleming, 43 Miss. 710.]

Slander. The words laid in the declaration were, "You stuck a pitchfork into a man in Ireland, and murdered him, and fled." The plaintiff's witness proved that the defendant said that he had heard one Tweedy say that Burke told him that the plaintiff had killed a man in Ireland, with a pitchfork, and had fled for it.

Mr. Mason, for defendant, in cross-examining the plaintiff's witness, asked him whether Burke was a responsible man; whether he lived in the city at that time, &c.

Mr. Peacock, for plaintiff, objected to the questions, contending that if the defendant meant to rely upon the fact of the defendant's having named his author at the time, he ought to have pleaded it, and cannot give testimony of that kind on the general issue.

Mr. Mason, in reply, was stopped by THE COURT, who said the objection was premature. The defendant's counsel were only cross-examining the plaintiff's witness. The plaintiff must make out his case; and although he is not bound to prove the words exactly as laid, yet he must prove words

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

which were actionable and in substance as laid. But if the plaintiff's witness proves that the words spoken were substantially different from those laid, and the words proved are not actionable as spoken, there is no necessity for the defendant to plead those facts which come from the plaintiff's own witness.

Mr. Peacock then prayed the court to instruct the jury that the words proved were in substance the same as those charged in the declaration. But THE COURT refused, being of opinion that they were substantially different.

CRANCH, Circuit Judge. When the defendant means to prove other words spoken at the same time with those laid in the declaration and which make the words laid not actionable, then, in order to enable the defendant to bring testimony of those other words he must plead his justification specially. But if the plaintiff's evidence proves words which justify the defendant, or which show that the words charged are not actionable as spoken, there the defendant may take advantage of them without pleading specially. For the plaintiff must make a good cause of action, and if it appears from his own evidence that the words charged are not actionable as spoken, he fails to support his cause of action.

But KILTY, Chief Judge, and MARSHALL, Circuit Judge, were of a different opinion.